*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 14, 2024

v

No. 364117
Mason Circuit Court
LC No. 2021-003964-FH

JOSEPH BENJAMIN TERHAAR,

        Defendant-Appellant.

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

The police found methamphetamine in defendant's possession when they arrested him for an unrelated warrant. A jury convicted defendant of possession of a controlled substance with the intent to deliver. We affirm.

After his arrest, the police found a small bag containing methamphetamine and a large amount of cash on defendant's person. Defendant's vehicle also contained a larger bag with methamphetamine, a smoking pipe, and a cell phone with a message stating "this is Joe's phone" etched on the back of it. The police were able to unlock the cell phone, and it contained messages on Facebook under the name "Joe-Joe" communicating with other users regarding "an eight ball," "half a g," and "half a pound" to "get rid of."

On the first day of trial, defendant argued that the Facebook messages were not admissible because, among other arguments, the content was irrelevant, the probative value was outweighed by the unfair prejudice, the messages were hearsay, and the messages constituted other-acts evidence. The trial court held that all of the Facebook messages, with the exception of one, could be introduced with proper foundation from the prosecutor.

The prosecutor introduced witnesses at trial who testified that the language used in the Facebook messages indicated that defendant was selling narcotics and that, even though the phone could not display the dates of the messages because it was put into "airplane mode" to preserve the contents of the messages, the messages were contained in chronological order. Additionally, other witnesses testified about the amount of methamphetamine and cash that was in defendant's possession when he was arrested.

-1-

The jury found defendant guilty as described above, and defendant now appeals.

Defendant argues that the trial court erred when it admitted the Facebook messages, and this error denied defendant his right to a fair trial. "The decision whether evidence is admissible is within the trial court's discretion and should only be reversed where there is a clear abuse of discretion." *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). "[W]hether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017).

Defendant first argues that the Facebook messages constituted other-acts evidence and, thus, should not have been admitted by the trial court. MRE 404(b)(1)[1] limited the use of evidence that concerns other crimes, wrongs, or acts, and it states in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Simply put, MRE 404(b) allowed the admission of other-acts evidence for any relevant purpose other than to establish propensity. See *People v VanderVliet*, 444 Mich 52, 74; 508 NW2d 114 (1993).

Defendant's argument is misplaced, however, because our Supreme Court has held that statements of "general intent" do not constitute other-acts evidence for the purposes of MRE 404(b). *People v Goddard*, 429 Mich 505, 515; 418 NW2d 881 (1988). In this case, the messages concern defendant's general intent to sell narcotics, and they do not contain information indicating that defendant committed other-acts involving the sale of those narcotics or the propensity to do so. Furthermore, even if the Facebook messages constituted other-acts evidence, MRE 404(b) allowed the admission of other-acts evidence for any relevant purpose other than to establish propensity, and this evidence went to, for example, both "intent" and "scheme, plan, or system." See *People v VanderVliet*, 444 Mich at 74.

Next, defendant argues that the trial court erred because the Facebook messages were not authenticated since the police did not investigate or interview the other participants of the messages and the messages were not dated. MRE 901 governed authenticating an item of evidence, and it stated, at the time, that "a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendant ignores that the statement, "This is Joe's phone," was etched on the back of the phone that the police found in the vehicle that defendant was driving. Further, the Facebook messages on that phone came

---

[1] Our Supreme Court revised the Michigan Rules of Evidence effective January 1, 2024. We cite the version of the riles in effect at the time of defendant's trial.

from an account named "Joe-Joe." The evidence indicated that the phone and messages belonged to defendant.

Lastly, defendant argues that the Facebook messages did not mention methamphetamine and, thus, they were not relevant to the charge. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. A trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "Unfair prejudice may exist where there is a danger that the evidence will be given undue or preemptive weight by the jury or where it would be inequitable to allow use of the evidence." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).

The police found methamphetamine in defendant's vehicle, as well as on defendant's person, with the phone that contained the Facebook messages. The content of those messages indicated that defendant had the intent to deliver drugs, even if the type of drugs was not mentioned specifically. This was demonstrated by the testimony offered by the prosecutor's witnesses.

It was not outside the range of principled outcomes to admit the Facebook messages into evidence because the messages demonstrated a general intent to deliver narcotics, the authenticity of the messages was confirmed by the surrounding evidence that they were located on "Joe's phone" from "Joe-Joe's" Facebook account, and the messages were material and probative to the charge of possession of methamphetamine with the intent to deliver. Further, the probative value of the messages demonstrating defendant's intent to deliver narcotics was not outweighed by any alleged unfair prejudice indicating that defendant was selling drugs. Thus, the trial court did not abuse its discretion in admitting the Facebook messages.

Affirmed.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Christopher P. Yates